Fletcher, J.
It is insisted, in argument, on behalf of the defendant, that no action can be fiiaintained on this note, but in the name of the assignee. But the court can see no reason, and can find no authority, which in any degree supports this position. The note passed to the assignee by delivery only, without indorsement. The assignee had full. and unquestioned authority to sell the note, and he did sell it absolutely and unconditionally, and received an adequate con *444 sideration for it, and transferred it by delivery to the purchaser The assignee, therefore, has no interest in the note, and no interest under it, and makes no claim to it. So far from there being any ground to contend, that no action can be maintained on the note, but in the name of the assignee, it is, to say the least, extremely doubtful whether an action could be maintained at all in his name.
When the suit was brought, the note was more than six years old, but it was signed in the presence of an attesting witness. In such a ease, the statute provides, that an action may be maintained in the name of the original payee, or of his executor, or administrator. That an assignee in bankruptcy may be regarded as an executor or administrator, under the provisions of this statute, has certainly never as yet been decided. It would seem much easier to maintain, that the assignee, if the note belonged to him, could maintain an action on it, in the name of the payees, for the benefit of the creditors, than that he could maintain one in his own name, as coming within the provision of the statute, as to the executor or administrator. This suit was brought not only in the name of the original payees of the note, but so far as appears, by them, by their owh act, and the court ruled, that it was properly so brought, though for the benefit of one of them.
It has been fully and properly settled, that the statute in question does not require that the action should be brought by the payee for his own use. But an action may be maintained, in his name, with his consent, or if not objected to by him ; and it is of no consequence to the maker, whether the payee puts the money in his own pocket, or pays it over to another, who may be equitably or legally entitled to it. This was fully settled in the case of Hodges v. Holland, 19 Pick. 43, and in the very recent case of Sigourney v. Severy, 4 Cush. 176. The first of these cases was on a note payable to order, which had been transferred by indorsement; and the second case was on a note payable to bearer, which had been transferred by delivery; in the one case the suit was in the name of the payee, and in the other in the name of the ad mi *445 nistrators of the payee, for the benefit of the respective holders.
If Drury purchased the note wholly on his own account, he may be considered as reinstated in his original right, as to one half of the note; and there was no way that his right to this half could be enforced, but by a suit in the name of himself and his partner, the other plaintiff; and if his partner voluntarily joins with him in the suit, and consents that he may have the whole of the proceeds, the defendant surely can have no right to object. In fact, the defence has no reference whatever to the duty and obligation of the defendant to pay the note, but relates only to the manner of enforcing this duty and obligation. Some of the cases cited by the defendant’s counsel show, that there are cases in which suits may be maintained by an assignee in bankruptcy, in his own name, to recover sums originally due to the bankrupt. But these decisions are not at all opposed to a recovery by the plaintiffs in the present case.
In the case of Sawtell v. Rollins, 10 Shep. 196, it was decided, that a bankrupt, after his bankruptcy, may maintain in his own name a suit for a wrong done, brought before he was declared a bankrupt, unless his assignees should interpose an objection. It was further held, in that case, that if there had been an equitable assignment of a cause of action before the bankruptcy, the suit might be prosecuted afterwards in the name of the bankrupt, for the benefit of the party in interest. There are several English cases, which show that a bankrupt may maintain an action for property taken from him after the bankruptcy, unless the assignee interposes an objection, and that a bankrupt may sue as a partner of the assignee’s. But in the present case, a new and good title to the note having been acquired after the bankruptcy, by a purchaser from the assignee, neither the rights nor the powers of the assignee are in any way connected with this suit, and there is no valid objection to a recovery by the plaintiffs, and judgment must be entered on the verdict.